## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DORIS B. DENSON,

       Plaintiff,

vs.                                         CASE NO. 3:08-cv-112-J-16TEM

RONALD O. CARSON and
FOURTH JUDICIAL CIRCUIT COURT,
Clay County, Florida, Div. E.

       Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>[1]

      This cause is before the Court on Plaintiff's affidavit of indigency, which the Court construes as a motion to proceed *in forma pauperis* (Doc. #2), filed January 31, 2008. Upon review of the aforementioned motion and the complaint, the Court finds the suit is subject to dismissal.

      Under 28 U.S.C. Section 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs associated with a lawsuit.  As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Thus, courts are empowered with discretion to dismiss

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1) and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

an action, *sua sponte*, if it is frivolous or malicious.  *See id.*  A suit "is frivolous where it lacks an arguable basis either in law or in fact."  *Id.* at 325.  Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (*quoting Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).  "The language of Section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).   A court should not dismiss a *pro se* litigant's complaint pursuant to Section 1915 for failure to state a claim, however, "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (*per curiam*) (*internal quotation marks omitted*); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (*per curiam*).

Plaintiff's complaint alleges Defendant, Ronald O. Carson ("Carson"), committed fraud by buying her home at a judicial foreclosure sale (Doc. #1 at 2).  Plaintiff, in her complaint, however, did not allege diversity jurisdiction.  The Court notes that Plaintiff is a Florida resident, Defendant Carson is a Florida resident, and the Fourth Judicial Circuit Court of Clay County, Florida (the "Fourth Judicial Circuit") is a government entity of the state of Florida.  Additionally, aside from making conclusory statements of law, Plaintiff alleges no specific facts to support a claim of fraud.  Plaintiff mentions that it is "very clear from the face of the record that the Defendant [Carson] has failed to produce any

2

documentation which can show ownership of the property in which [sic] Defendant has falsely claimed" (Doc. #1 at 2); however, this statement is unsubstantiated since there is no evidence of record.

Plaintiff additionally claims that the Fourth Judicial Circuit violated her Constitutional rights– apparently, because it conducted the foreclosure sale at issue (Doc. #1 at 2).

Federal courts are courts of limited jurisdiction.  Although the complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as required under Rule 8(a) of the Federal Rules of Civil Procedure, the Court surmises that Plaintiff is attempting to invoke the Court's federal question jurisdiction by alleging her due process rights were violated during the course of the aforementioned foreclosure sale.  Plaintiff, however, alleges no facts in her complaint to support her claim that the Fourth Judicial Circuit deprived her of due process.  Plaintiff merely states that she desires the Court to order Defendants to show cause as to "[w]hy the Defendants has [sic] any legal right to make any claim upon property wich [sic] does not belong to them" (Doc. #1 at 2).

The Court finds Plaintiff's complaint on its face fails to make an adequate claim of deprivation of constitutional rights because she does not allege any facts that would support a finding that the foreclosure proceedings were a sham or that a justice of the Fourth Judicial Circuit somehow improperly used his or her office to deprive Plaintiff of her rights.  *See Adkins v. Underwood*, 520 F.2d 890, 892-94 (7th Cir. 1975).  "Where seemingly regular state judicial proceedings are under attack, mere conclusory statements should be held insufficient [to invoke federal jurisdiction]."  *Id.* at 894 n.7.

3

For the aforementioned reasons, the Court finds Plaintiff's complaint does not present a valid claim for deprivation of a federally protected right and that the allegations contained within the complaint are frivolous as defined herein.[2]

Additionally, Plaintiff brought a pendant claim for a writ of prohibition to prevent the Fourth Judicial Circuit from exceeding its jurisdiction and power (Doc. #1 at 2).  Plaintiff, however, does not allege any facts to support her claim that the Fourth Judicial Circuit exceeded its jurisdiction and/or power in any way.  Moreover, "[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court.  We [the Eleventh Circuit] have encouraged district courts to dismiss any remaining state claims when. . .the federal claims have been dismissed prior to trial."  *Raney v. Allstate*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).

Accordingly, it is hereby **RECOMMENDED**:

1.      Plaintiff's affidavit of indigency, which the Court construes as a motion to proceed *in forma pauperis* (Doc. #2) be **DENIED without prejudice**.

2.      The case be **DISMISSED without prejudice** pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i).

**DONE AND ENTERED** at Jacksonville, Florida, this   13th   day of May, 2008.

Copies to all counsel of record
      and *pro se* parties

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[2]This Report and Recommendation voices no opinion as to whether Plaintiff's claim(s) would be valid if raised in state court.